**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Emiliano LUGO–VARGAS,**
**Defendant–Appellant.**

No. 05–20524
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 25, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM: *

Emiliano Lugo–Vargas (Lugo) appeals following his guilty plea to being an alien in possession of a firearm, in violation of 18

U.S.C. § 922(g)(5). He argues that § 922(g)(5) is facially unconstitutional and, in the alternative, that the statute is unconstitutional as applied because the factual basis of his plea failed to establish the interstate commerce element. Lugo concedes that his constitutional challenge is foreclosed by circuit precedent, and he raises it only to preserve it for review by the Supreme Court. We have held that "the constitutionality of § 922(g) is not open to question," *United States v. Daugherty,* 264 F.3d 513, 518 (5th Cir.2001)(internal quotation marks omitted), and, additionally, that the Government need only establish that the firearm was manufactured out of state to satisfy the interstate commerce element of the offense. *See United States v. Guidry,* 406 F.3d 314, 318–19 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 190, 163 L.Ed.2d 198 (2005).

AFFIRMED.

Larry James Solomon entered a guilty plea to a charge of possession of a firearm by a felon and was sentenced to 96 months of imprisonment and three years of supervised release. He argues that the statute of conviction, 18 U.S.C. § 922(g)(1), is unconstitutional as applied because the statute requires a substantial effect on interstate commerce and the factual basis for his plea established only that the firearm traveled in interstate commerce at some point in the past. Solomon concedes that his constitutional challenge is foreclosed by circuit precedent, and he raises it only to preserve its further review by the Supreme Court. We have indeed held that "the 3 of § 922(g) is not open to question," *United States v. Daugherty,* 264 F.3d 513, 518 (5th Cir.2001) (internal quotation marks and citation omitted), and, additionally, that the Government need only establish that the firearm was manufactured out of state to satisfy the interstate commerce element of the offense. *See United States v. Guidry,* 406 F.3d 314, 318–19 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 190, 163 L.Ed.2d 198 (2005).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.